UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-43-FDW

| MARCUS ANTOINE WILSON, | ) | |
|---|---|---|
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SUSAN WHITE, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's amended pro se complaint that was filed pursuant to 42 U.S.C. § 1983. (Doc. No. 7). For the reasons that follow, Plaintiff's complaint will be dismissed.

### I. BACKGROUND

Plaintiff is a prisoner of the State of North Carolina and according to the website of the North Carolina Department of Public safety he is presently confined in the Maury Correctional Institution. In his pro se complaint, Plaintiff relates the following sparse allegations: "I had a Pice-line in my Right Arm to my Heart And Nurse Wolfe, SOC-Cal – Co Hall used <u>Excessive Force</u> . . . I'm Handicap – ADA – And I was on a Walker . . . see Attached Papers . . ." (Doc. No. 7-2 at 3). Among other claims, Plaintiff appears to try and allege a claim for deliberate indifference to his serious medical needs under the Eighth Amendment, excessive force, and breach of duties.

### II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

1

governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III.    DISCUSSION

Plaintiff is a prisoner of the State of North Carolina and as such his pro se § 1983 complaint must satisfy to the mandatory requirements of the Prisoner Litigation Reform Act ("PLRA") which provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly

exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is housed and where the allegations supporting the complaint arose. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte examining the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

In North Carolina, State prisoners must complete a three-step administrative remedy procedure in order to exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). Plaintiff's amended complaint was filed on or about February 21, 2014, and on April 10, 2014, the Clerk docked a document which demonstrates that Plaintiff completed Step Three of the Administrative Remedy Procedure. In this document, which is dated February 2, 2014, the grievance examiner finds that Plaintiff filed a grievance on November 13, 2013, and complained that he was treated unfairly because he"was denied his special wash and extra clothes." (Id., Doc. No. 26). The Court finds that even after construing Plaintiff's amended

3

complaint in the most favorable light to him, this civil action should be dismissed. First, it does not appear that Plaintiff ever presented the substance of the allegations in his amended complaint to prison officials for review, and second, his allegations in the amended complaint are so sparse that they do not present sufficient detail to inform the defendants what harm Plaintiff may be alleging.

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim of deliberate indifference to serious medical needs under the Eighth Amendment with regard to the allegations in his complaint and that it appears that he has not exhausted his administrative remedies.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 7).

2. Plaintiff's motions for discovery are **DENIED**. (Doc. Nos. 3 and 5).

3. Plaintiff's motion for assault complaint is **DENIED**. (Doc. No. 6).

4. Plaintiff's motion for subpoena for production of documents is **DENIED**. (Doc. No. 11).

5. Plaintiff's motion on denying medical treatment is **DENIED**. (Doc. No. 12).

6. Plaintiff's motion to present Rule 301 proceedings is **DENIED**. (Doc. No. 13).

7. Plaintiff's motion on Rule 405 methods of proving character is **DENIED**. (Doc. No. 14).

8. Plaintiff's motion for re-entry of settlement agreement is **DENIED**. (Doc. No. 15).

9. Plaintiff's motions for order to show cause for a preliminary injunction and failure and violation of due process are **DENIED**. (Doc. Nos. 16 and 17).

4

10. Plaintiff's motion/request for admissions is **DENIED**. (Doc. No. 18).

11. Plaintiff motion for habeas corpus and testificandum is **DISMISSED** without prejudice. (Doc. No. 19).

12. Plaintiff's motion for a final pretrial order is **DENIED**. (Doc. No. 20).

13. Plaintiff's motion in limine is **DENIED**. (Doc. No. 21).

14. Plaintiff's motions to appoint counsel are **DENIED**. (Doc. Nos. 22 and 29).

15. Plaintiff's motion for a final pretrial settlement is **DENIED**. (Doc. No. 28).

16. Plaintiff's motion of malicious act is **DENIED**. (Doc. No. 30).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: June 4, 2014

*[Signature]*

Frank D. Whitney
Chief United States District Judge